UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
    WILLIE L. JONES,

                        Plaintiff,

                -against-

    ANDREW SAUL,

                        Defendant.
------------------------------------------------------------X

19 Civ. 5542 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on April 28, 2021, Plaintiff's counsel, Frederick J. Daley, Jr., filed a Petition for attorneys' fees pursuant to 42 U.S.C. § 406(b)(1). On May 12, 2021, Defendant filed a response.

    WHEREAS, the Petition is timely. An attorneys' fee petition under Section 406(b) should be filed within fourteen days of receiving notice of the Commissioner of Social Security's calculation of benefits on remand. *Sinkler v. Berryhill*, 932 F.3d 83, 86-90 (2d Cir. 2019). A communication is presumed to be received three days after mailing. *Id.* at 89 n.5. The notice of the Commissioner's calculation was issued on April 12, 2021. Applying the three-day presumption and the fourteen-day limit, the deadline for the petition was April 29, 2021. The Petition was filed on April 28, 2021, and is therefore timely.

    WHEREAS, Section 406(b)(1)(A) provides that when a disability claimant is successful in federal court, the court may authorize payment of a reasonable attorneys' fee up to 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A); *accord Bate v. Berryhill*, No. 18 Civ. 1229, 2020 WL 728784, at *2 (S.D.N.Y. Feb. 13, 2020). Section 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789,

807 (2002); *accord Bate*, 2020 WL 728784, at *2.  To determine if a contingent-fee agreement is reasonable, courts can consider (1) "the character of the representation and the results the representative achieved"; (2) whether the claimant's attorney "is responsible for delay"; and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808; *accord Bate*, 2020 WL 728784, at *2.  For this third factor, courts also consider "(1) whether the attorney's efforts were particularly successful, (2) whether there is evidence of the effort expended by the attorney which involved real issues of material fact and required legal research, and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *See, e.g.*, *Bate*, 2020 WL 728784, at *2; *Caudy v. Colvin*, No. 13 Civ. 2314, 2020 WL 5440471, at *3 (S.D.N.Y. Sept. 9, 2020).

WHEREAS, the fee sought is reasonable.  The petition seeks an attorneys' fee of $36,608.38, which represents 25 percent of the past-due benefits awarded to Plaintiff.  Plaintiff's counsel was successful in achieving an award of benefits, and nothing in the record suggests any flaw in the character of the representation.  Also, nothing in the record suggests that Plaintiff's counsel caused any delay.  As to the reasonableness of the award, Defendant points out that 36.2 attorney hours were spent litigating this case in federal court, amounting to a *de facto* hourly rate of $1,045.40.  The Petition calculates a *de facto* hourly rate of $871.52 based on the 44.3 hours spent by lawyers and legal assistants in litigating this case in federal court.  Even if the appropriate rate to consider is $1,045.40, such a rate is reasonable because of (1) the success of Plaintiff's counsel after Plaintiff did not prevail before the Social Security Administration with other counsel; (2) the thorough brief submitted by Plaintiff's counsel, which involved a review of the nearly 500-page administrative record; and (3) the efficiency and extensive experience of Plaintiff's counsel.  Numerous courts have found that disrupting awards that result in similar or higher *de facto* hourly rates would ignore the objectives that the contingency scheme crafted by

Congress intends to promote.  *See, e.g.*, *Caudy*, 2020 WL 5440471, at *3; *Morrison v. Saul*, No. 16 Civ. 4168, 2019 WL 6915954, at *2 (S.D.N.Y. Dec. 19, 2019); *see also Bate*, 2020 WL 728784, at *3 (approving a fee award that resulted in a *de facto* hourly rate of $1,506.32).

WHEREAS, Plaintiff's counsel acknowledges he must refund the $7,760.00 fee previously awarded under the Equal Access to Justice Act (EAJA).  When a claimant's attorney receives a fee award under the EAJA and Section 406(b), the attorney "must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and alterations omitted); *accord Garmendiz v. Saul*, No. 17 Civ. 662, 2021 WL 847999, at *2 (S.D.N.Y. Mar. 5, 2021).  It is hereby

**ORDERED** that the motion for attorneys' fee is GRANTED.  Plaintiff's counsel, Frederick J. Daley, Jr., is awarded a fee in the amount of $36,608.38.  Upon receipt of this sum, Plaintiff's counsel shall promptly refund to Plaintiff the fee awarded under the EAJA in the amount of $7,760.00.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 27.

Dated: May 24, 2021
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE